UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RANDY SHREY and JANETE :
SHREY, :
    Plaintiffs :
: CIVIL NO. 4:11-CV-1671
    v. :
:
GREGORY FORESMAN, :
    Defendant :

*M E M O R A N D U M*

*I.*    *Introduction*

We are considering a motion to dismiss filed by defendant, Gregory Foresman, Chief of the Williamsport Police Department.  This matter relates to the 2008 investigation and confiscation of certain pins owned by the plaintiffs that contained logos resembling those of the Williamsport Bureau of Police and the Little League World Series.  Defendant has moved to dismiss plaintiffs' complaint, asserting plaintiffs filed the instant suit after the expiration of the statute of limitations.

*II.*    *Background*

The following facts are set forth in plaintiffs' complaint and taken as true, as they must be when considering a motion to dismiss.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  This case relates to the illegal confiscation of plaintiffs' pins by the Williamsport Police.  Plaintiffs designed a pin resembling the Williamsport Police Badge and the Little League logo and listed them for sale.  On July 14, 2008, Captain Raymond Kontz, III of the Williamsport Police Department went to plaintiffs'

home and falsely told them that selling the pins was illegal, and confiscated 655 pins. Plaintiffs allege that defendant falsely indicated that Little League made a complaint about the use of their logo without permission.

Defendant filed a motion to dismiss raising the defense of the statute of limitations. Plaintiffs argue that the statute was tolled by fraudulent concealment until May 9, 2011, when plaintiffs discovered defendant's involvement.

III.    Discussion

    A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, - - - U.S. - - -, 129

S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." *Fowler*, *supra*, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. *Id.* at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoted case omitted).

*B. Estoppel by Fraudulent Concealment*

In § 1983 claims, the state statute of limitations applies. *Wilson v. Garcia*, 471 U.S. 261, 265 (1985). Plaintiffs and defendant agree that the applicable statute of limitations is two years. Pa.C.S. § 5524(7). The alleged illegal action occurred on July 14, 2008 and plaintiffs filed their untimely complaint on September 2, 2011. In response, plaintiffs assert that the doctrine of estoppel by fraudulent concealment tolled the statute of limitations until May 9, 2011.

A defendant may be estopped from asserting a statute of limitations defense "if, through fraud, deception or concealment of facts, a [defendant] lulls an injured person or his representatives into a sense of security so that such person's vigilance is relaxed." *Vojtasek v. Allentown*, 2006 Pa. Super. 372, 916 A.2d 637, 640 (Pa. Super. 2006) (citation omitted). In determining whether the statute of limitations is

tolled, the court should consider that "it is the duty of a party asserting a cause of action to use all reasonable diligence to be informed of the facts and circumstances upon which a potential right of recovery is based to institute suit within the prescribed statutory period." *Id.* at 641. "There are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful." *Vernau v. Vic's Mkt., Inc.*, 896 F.2d 43, 46 (3d Cir. 1990). The statute of limitations will be tolled only "in clear cases of fraud, deception or concealment." *Vojtasek*, at 640. If fraudulent concealment occurred, the statute of limitations does not commence "until the time of discovery or the date *when with reasonable diligence* one would have been led to discovery." *Urland v. Merrell-Dow Pharmaceuticals, Inc.*, 822 F.2d 1268, 1274 (3d Cir. 1987) (emphasis in original).

Plaintiffs included a conspiracy claim against the defendant. Plaintiffs assert that defendant and Kontz did not create an incident report for the events leading up to the seizure of the pins as required by police department policy. Plaintiffs also argue that they did not receive information regarding defendant's role in the alleged conspiracy during discovery.

Plaintiff has not presented evidence that would warrant estoppel by fraudulent concealment. Failure to create an incident report and providing incomplete discovery answers is insufficient. Additionally, plaintiffs did not exercise reasonable diligence to be informed of the facts and circumstances upon which a potential right of recovery could be based. Plaintiffs' injury occurred in July 2008 and they did not file this

suit until three years later.  They did not make an effort prior to the expiration of the statute of limitations to determine who was liable for their injury.  Plaintiffs could have inquired about the role of other police officers in the confiscation of the pins.  They should have known that other officers might be involved in a police investigation.  No steps were taken during the statutory period to determine who those officers were.  Without a clear case of fraud and a failure to exercise reasonable diligence, the statute of limitations was not tolled.  Thus, plaintiffs filed their complaint after the expiration of the statute of limitations and their case must be dismissed.

*IV.*		*Conclusion*

Based on the preceding, we will grant defendant's motion to dismiss.  We will issue an appropriate order.

                                                                 /s/ William W. Caldwell
                                                                William W. Caldwell
                                                                United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY SHREY and JANETE SHREY. | : |
|     Plaintiffs | : |
| | : CIVIL NO. 4:11-CV-1671 |
|     v. | : |
| | : |
| GREGORY FORESMAN, | : |
|     Defendant | : |

*O R D E R*

AND NOW, this 15th day of November, 2011, upon consideration of defendant's motion to dismiss (Doc. 5) and plaintiff's response, and pursuant to the accompanying Memorandum, it is ORDERED that defendant's motion to dismiss plaintiff's complaint is GRANTED.

The Clerk of Court shall close this file.

                                               /s/ William W. Caldwell
                                              William W. Caldwell
                                              United States District Judge