UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY SHREY and JANETE SHREY, | : | |
| Plaintiffs | : | |
| vs. | : | CIVIL NO. 4:11-CV-1671 |
| | : | |
| | : | |
| GREGORY FORESMAN, | : | |
| Defendant | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

M E M O R A N D U M

I.      Introduction

        We are considering defendant's motion for sanctions and attorneys' fees

for plaintiffs' conduct in filing a frivolous lawsuit, pursuant to Federal Rule of Civil

Procedure 11 and 28 U.S.C. § 1927.

II.      Background

        This case involves the allegedly illegal confiscation of plaintiffs' property by

the Williamsport Police.  Plaintiffs designed a badge resembling the Williamsport Police

Badge, which included the Little League logo, produced hundreds of them, and listed

them for sale on eBay.  Plaintiffs allege that Gregory Foresman, the Williamsport Police

Department Chief, "fabricated a complaint from Little League Headquarters which falsely

indicated that Little League had called the Williamsport Police Department to complain

that a . . . Pin was utilizing the Little League logo without Little League's permission."
(Doc. 1, ¶ 28).  On July 14, 2008, Captain Raymond Kontz, III of the Williamsport Police
Department went to plaintiffs' home, told them that selling the pins was illegal, and
confiscated 655 pins.

Plaintiffs brought a claim against Kontz in a related case, *Shrey v. Kontz*,
No. 4:10-CV-1420.  In that case, plaintiffs filed a motion for leave to file an amended
complaint adding Foresman as a defendant.  On September 1, 2011, we denied
plaintiffs' motion, finding that plaintiffs failed to diligently pursue their claim and that such
an amendment would delay the Kontz trial.  On September 2, 2011, plaintiffs filed the
present action.  In a letter dated September 7, 2011, defendant indicated to plaintiffs that
the suit was filed after the expiration of the statute of limitations and if it was not
withdrawn, a motion for sanctions would be filed.  Defendant filed a motion to dismiss on
September 21, 2011 on the basis that the statute of limitations barred the action.
Plaintiffs argued that the statute was tolled by fraudulent concealment.  We granted the
motion to dismiss on November 15, 2011.  Subsequently, we granted plaintiffs' motion
for reconsideration of that order.

On November 28, 2011, defendant filed a motion for sanctions and
attorneys' fees contending that plaintiffs' complaint was frivolous and in willful disregard
of the two-year statute of limitations.

2

III.        *Discussion*

            *A. Rule 11*

       Defendant asserts that plaintiffs filed the instant suit in violation of Rule 11.[1]

A motion for sanctions must be "made separately from any other motion."  Fᴇᴅ. R. Cɪᴠ. P.

11(c)(2).  In addition, a motion filed under Rule 11(c)(2) must allow for a twenty-one day

safe harbor period wherein the other party has the opportunity to correct the defect.

Defendant followed these procedures and then filed the pending motion for sanctions

and attorneys' fees.

       We must examine whether plaintiffs violated Rule 11 by filing their

complaint.  The rule "provides that an attorney who fails to either 1) read the pleading; 2)

make a reasonable inquiry into the factual and legal legitimacy of the pleading; or 3) file

_____

[1]Rule 11(b) provides:
   (b) Representations to the Court. By presenting to the court a pleading, written
   motion, or other paper--whether by signing, filing, submitting, or later
   advocating it--an attorney or unrepresented party certifies that to the best of
   the person's knowledge, information, and belief, formed after an inquiry
   reasonable under the circumstances:
     (1) it is not being presented for any improper purpose, such as to harass,
   cause unnecessary delay, or needlessly increase the cost of litigation;
     (2) the claims, defenses, and other legal contentions are warranted by
   existing law or by a nonfrivolous argument for extending, modifying, or
   reversing existing law or for establishing new law;
     (3) the factual contentions have evidentiary support or, if specifically so
   identified, will likely have evidentiary support after a reasonable opportunity
   for further investigation or discovery; and
     (4) the denials of factual contentions are warranted on the evidence or, if
   specifically so identified, are reasonably based on belief or a lack of
   information.
Fᴇᴅ. R. Cɪᴠ. P. 11(b).

3

the pleading only for a proper purpose, shall be sanctioned." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). The standard for examining conduct is what was "objectively reasonable under the circumstances." *Id.* To meet this standard, counsel "must conduct 'a reasonable investigation of the facts and a normally competent level of legal research to support the presentation.'" *Id.* (citation omitted). Sanctions are appropriate "where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1998).

Defendant argues that plaintiffs' complaint was time-barred and lacked merit. Plaintiffs claim that they learned of the facts supporting their suit only after conducting discovery in the Kontz action. Plaintiffs allege that they could not have reasonably discovered defendant's identity during the statutory period because it was not revealed until depositions in the Kontz case were taken on May 9, 2011. Plaintiffs argue that these circumstances tolled the statute of limitations. Given these facts, we do not find plaintiffs' claims to be unmeritorious or frivolous and are not persuaded that sanctions under Rule 11 are warranted.

B. Section 1927

Defendant also argues that sanctions are appropriate under § 1927, which provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Plaintiffs' filing of a second lawsuit may multiply proceedings and increase the cost of litigation, but

4

given plaintiffs' lack of knowledge of the facts as to Foresman's involvement in their claim we do not find their actions in filing the suit to be unreasonable, vexatious, in bad faith, or to involve intentional misconduct, and sanctions are not appropriate under § 1927.

IV.        *Conclusion*

Defendant's motion for sanctions and attorneys' fees will be denied.  We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RANDY SHREY and JANETE          :
SHREY,                          :
                                :
        Plaintiffs              :   CIVIL NO. 4:11-CV-1671
        vs.                     :
                                :
                                :
GREGORY FORESMAN,               :
        Defendant               :
                                :
                                :
                                :

*O R D E R*

AND NOW, this 5th day of January, 2012, upon consideration of

defendant's motion for sanctions and attorneys' fees (doc. 12) and plaintiffs' response

thereto, and pursuant to the accompanying Memorandum, it is ORDERED that

defendant's motion for sanctions and attorneys' fees is DENIED.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

6