UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY SHREY and JANETE SHREY, : <br>     Plaintiffs : <br>     vs. : <br> : <br> : <br> GREGORY FORESMAN, : <br>     Defendant : <br> : <br> : <br> : <br> : <br> : | CIVIL NO. 4:11-CV-1671 |

*M E M O R A N D U M*

*I.*     *Introduction*

We are considering defendant's motion for sanctions and attorneys' fees for plaintiffs' conduct in filing a frivolous lawsuit, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

*II.*     *Background*

This case involves the allegedly illegal confiscation of plaintiffs' property by the Williamsport Police. Plaintiffs designed a badge resembling the Williamsport Police Badge, which included the Little League logo, produced hundreds of them, and listed them for sale on eBay. Plaintiffs allege that Gregory Foresman, the Williamsport Police Department Chief, "fabricated a complaint from Little League Headquarters which falsely indicated that Little League had called the Williamsport Police Department to complain

that a . . . Pin was utilizing the Little League logo without Little League's permission." (Doc. 1, ¶ 28).  On July 14, 2008, Captain Raymond Kontz, III of the Williamsport Police Department went to plaintiffs' home, told them that selling the pins was illegal, and confiscated 655 pins.

Plaintiffs brought a claim against Kontz in a related case, *Shrey v. Kontz*, No. 4:10-CV-1420.  In that case, plaintiffs filed a motion for leave to file an amended complaint adding Foresman as a defendant.  On September 1, 2011, we denied plaintiffs' motion, finding that plaintiffs failed to diligently pursue their claim and that such an amendment would delay the Kontz trial.  On September 2, 2011, plaintiffs filed the present action.  In a letter dated September 7, 2011, defendant indicated to plaintiffs that the suit was filed after the expiration of the statute of limitations and if it was not withdrawn, a motion for sanctions would be filed.  Defendant filed a motion to dismiss on September 21, 2011 on the basis that the statute of limitations barred the action. Plaintiffs argued that the statute was tolled by fraudulent concealment.  We granted the motion to dismiss on November 15, 2011.  Subsequently, we granted plaintiffs' motion for reconsideration of that order.

On November 28, 2011, defendant filed a motion for sanctions and attorneys' fees contending that plaintiffs' complaint was frivolous and in willful disregard of the two-year statute of limitations.

*III.*        *Discussion*

   *A.  Rule 11*

Defendant asserts that plaintiffs filed the instant suit in violation of Rule 11.[1] A motion for sanctions must be "made separately from any other motion."  FED. R. CIV. P. 11(c)(2).  In addition, a motion filed under Rule 11(c)(2) must allow for a twenty-one day safe harbor period wherein the other party has the opportunity to correct the defect. Defendant followed these procedures and then filed the pending motion for sanctions and attorneys' fees.

We must examine whether plaintiffs violated Rule 11 by filing their complaint.  The rule "provides that an attorney who fails to either 1) read the pleading; 2) make a reasonable inquiry into the factual and legal legitimacy of the pleading; or 3) file

---

[1] Rule 11(b) provides:
   (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
     (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
     (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
     (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
     (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
 FED. R. CIV. P. 11(b).

the pleading only for a proper purpose, shall be sanctioned." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). The standard for examining conduct is what was "objectively reasonable under the circumstances." *Id.* To meet this standard, counsel "must conduct 'a reasonable investigation of the facts and a normally competent level of legal research to support the presentation.'" *Id.* (citation omitted). Sanctions are appropriate "where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1998).

Defendant argues that plaintiffs' complaint was time-barred and lacked merit. Plaintiffs claim that they learned of the facts supporting their suit only after conducting discovery in the Kontz action. Plaintiffs allege that they could not have reasonably discovered defendant's identity during the statutory period because it was not revealed until depositions in the Kontz case were taken on May 9, 2011. Plaintiffs argue that these circumstances tolled the statute of limitations. Given these facts, we do not find plaintiffs' claims to be unmeritorious or frivolous and are not persuaded that sanctions under Rule 11 are warranted.

*B. Section 1927*

Defendant also argues that sanctions are appropriate under § 1927, which provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Plaintiffs' filing of a second lawsuit may multiply proceedings and increase the cost of litigation, but

given plaintiffs' lack of knowledge of the facts as to Foresman's involvement in their claim we do not find their actions in filing the suit to be unreasonable, vexatious, in bad faith, or to involve intentional misconduct, and sanctions are not appropriate under § 1927.

*IV.*       *Conclusion*

Defendant's motion for sanctions and attorneys' fees will be denied.  We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY SHREY and JANETE SHREY, | : <br> : <br> : |
| Plaintiffs | : CIVIL NO. 4:11-CV-1671 |
| vs. | : <br> : <br> : |
| GREGORY FORESMAN, <br> Defendant | : <br> : <br> : <br> : <br> : |

*O R D E R*

AND NOW, this 5th day of January, 2012, upon consideration of defendant's motion for sanctions and attorneys' fees (doc. 12) and plaintiffs' response thereto, and pursuant to the accompanying Memorandum, it is ORDERED that defendant's motion for sanctions and attorneys' fees is DENIED.

/s/William W. Caldwell<br>
William W. Caldwell<br>
United States District Judge