UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RANDY SHREY and JANETE :
SHREY, :
    Plaintiffs :
: CIVIL NO. 4:11-CV-1671
v. :
:
GREGORY FORESMAN, :
    Defendant :

*M E M O R A N D U M*

*I.        Introduction*

      We are considering defendant's motion to dismiss, which we converted to a motion for summary judgment. This matter relates to the 2008 investigation and confiscation of certain pins owned by the plaintiffs that contained logos resembling those of the Williamsport Bureau of Police and the Little League World Series. Defendant moved to dismiss plaintiffs' complaint, asserting plaintiffs filed the instant suit after the expiration of the statute of limitations. We converted the motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).

*II.       Background*

      Plaintiffs designed a pin resembling the Williamsport Police Badge and the Little League logo and listed them for sale on E-bay. Plaintiffs allege that on July 14, 2008, Captain Raymond Kontz, III of the Williamsport Police Department came to their home and falsely told them that Little League made a complaint about the use of its logo

without permission.  He allegedly told plaintiffs the sale of the pins was illegal and confiscated 655 pins.

Defendant filed a motion to dismiss, raising a statute of limitations defense. Plaintiffs argued that the statute was tolled by fraudulent concealment until May 9, 2011, when plaintiffs discovered defendant's involvement.  We issued a Memorandum and Order, dismissing plaintiff's complaint on November 15, 2011.  Plaintiff filed a motion for reconsideration, requesting that the motion to dismiss be converted into a motion for summary judgment.  We granted plaintiff's motion on January 4, 2012.

III.	*Discussion*

*A.  Standard of Review*

We will examine the motion for summary judgment under the well-established standard.  Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d. Cir. 2008) ("Summary judgment is only appropriate if there are no genuine issues of material fact.").  We "must view all evidence and draw all inferences in the light most favorable to the non-moving party" and we will only grant the motion "if no reasonable juror could find for the non-movant."  Id. "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party.'" Roth v. Norfalco, 651 F.3d 367, 373 (3d Cir. 2011) (citing Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."

Layshock v. Hermitage Sch. Dist., 650 F.3d 205, 211 (3d Cir. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)) (emphasis in original).

### *B. Estoppel by Fraudulent Concealment*

In § 1983 claims, the state statute of limitations applies.  *Wilson v. Garcia*, 471 U.S. 261, 265 (1985).  Plaintiffs and defendant agree that the applicable statute of limitations is two years.  Pa.C.S. § 5524(7).   The alleged illegal action occurred on July 14, 2008 and plaintiffs filed their complaint on September 2, 2011.  Plaintiffs assert that the doctrine of estoppel by fraudulent concealment tolled the statute of limitations until May 9, 2011.

A defendant may be estopped from asserting a statute of limitations defense "if, through fraud, deception or concealment of facts, a [defendant] lulls an injured person or his representatives into a sense of security so that such person's vigilance is relaxed."  Vojtasek v. Allentown, 2006 Pa. Super. 372, 916 A.2d 637, 640 (Pa. Super. 2006) (citation omitted).  In determining whether the statute of limitations is tolled, the court should consider that "it is the duty of a party asserting a cause of action to use all reasonable diligence to be informed of the facts and circumstances upon which a potential right of recovery is based to institute suit within the prescribed statutory period."  Id. at 641.  "There are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful."  Vernau v. Vic's Mkt., Inc., 896 F.2d 43, 46 (3d Cir. 1990).  The

statute of limitations will be tolled only "in clear cases of fraud, deception or concealment." Vojtasek, at 640. If fraudulent concealment occurred, the statute of limitations does not commence "until the time of discovery or the date *when with reasonable diligence* one would have been led to discovery." Urland v. Merrell-Dow Pharmaceuticals, Inc., 822 F.2d 1268, 1274 (3d Cir. 1987) (emphasis in original).

Plaintiffs, although given the opportunity to provide additional facts, have failed to produce sufficient evidence to support their allegation of fraudulent concealment. As defendant notes, plaintiffs have not pointed to an affirmative act on the part of the defendant which constitutes fraudulent concealment. Plaintiffs allege that neither Kontz nor defendant Foresman prepared a police report of the incident or a property receipt for the pins. This is not enough to support plaintiffs' allegations.

Plaintiffs also failed to exercise reasonable diligence to be informed of the facts and circumstances upon which a potential right of recovery could be based. During the statutory period, prior to July 14, 2010, plaintiffs contacted the mayor's office and the office of the District Attorney. They did not make any attempt to determine whether anyone other than Kontz was involved with the confiscation of the pins. As noted in our previous decision, plaintiffs could have inquired about the role of other police officers in the confiscation of the pins. They should have known that other officers might be involved in a police investigation. They did not discover Foresman's alleged involvement because they did not exercise reasonable diligence.

Plaintiffs have failed to demonstrate a clear case of fraud, or that they exercised diligence in discovering the facts.  The statute of limitations was not tolled and expired prior to the filing of the present suit.  Since there are no genuine issues of material fact, summary judgment in favor of defendant is proper.  We will issue an appropriate order.


   /s/ William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RANDY SHREY and JANETE : 
SHREY. :
    Plaintiffs :
: CIVIL NO. 4:11-CV-1671
v. :
:
GREGORY FORESMAN, :
    Defendant :

*O R D E R*

AND NOW, this 17th day of February, 2012, upon consideration of defendant's motion to dismiss, converted to a motion for summary judgment (Doc. 5), and plaintiff's response, and pursuant to the accompanying Memorandum, it is ORDERED that

    1. Defendant's motion for summary judgment (doc. 5) is GRANTED.

    2. The Clerk of Court shall enter judgment in favor of Defendant and against the Plaintiffs, and shall close this file.

                       /s/ William W. Caldwell
                        William W. Caldwell
                        United States District Judge